UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MISAEL FARIAS-RUBIO, et al., | ) | CASE NO. 4:06 CV 2935 |
| | ) | |
| Plaintiffs, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CORRECTIONS CORPORATION | ) | AND ORDER |
| OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On December 7, 2006, pro se plaintiffs Misael Farias-Rubio, Joaquin Cardona-Sandoval, and Arturo Ruiz-Ahumada filed this Bivens[1] action against Corrections Corporation of America ("CCA"), the United States Bureau of Prisons ("BOP"), Northeast Ohio Correctional Center Warden Robert Tapia, "A.W. Programs & Inmate Services" Employee Galey Gates, and "BOP Representative Mr. Edwards." (Compl. at 1.) In the complaint, plaintiffs allege that they have been denied free personal hygiene products. They seek unspecified injunctive and monetary relief.

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

**Background**

The plaintiffs assert that CCA does not provide personal hygiene products to its inmates free of charge unless the inmate is indigent. They contend items such as razors, deodorant, combs, toothbrushes, toothpaste, and feminine hygiene products should be provided to inmates free of charge regardless of their ability to pay for such items at the commissary. CCA considers an inmate to be indigent only if his account has a balance of $ 5.00 or less for the past thirty days. The balance in each of the plaintiffs' accounts exceeds the indigency amount.[2] They must therefore purchase their own hygiene items from the prison's commissary. They claim this is a violation of the Eighth Amendment.

Mr. Farias-Rubio includes additional claims in this complaint. He claims the prison held a "town hall meeting" on April 27, 2006. When the officer conducting the meeting asked if there were any questions, Mr. Farias-Rubio asked why CCA refused to supply hygiene items free of charge. He was removed from the meeting and taken to the Special Housing Unit ("SHU") for creating a disturbance at a meeting. He contends that his unit manager, Mr. Groh requested an apology from him for his conduct but he refused to give one. Upon his release from the SHU on May 3, 2006, Mr. Farias-Rubio discovered that his bottom bunk had been assigned to another inmate in his absence.

In August 2006, Mr. Farias-Rubio had a confrontation with Corrections Officer Ms.

---

[2] Mr. Farias-Rubio's In Forma Pauperis Application states that his average monthly income from Institution pay is $ 14.91 per month. It also states that his family sends him an average of $ 213.33 per month. Mr. Cardona-Sandoval states on his In Forma Pauperis Application that his average monthly income is $ 57.03. Mr. Ruiz-Ahumada indicates on his In Forma Pauperis Application that he receives an average of $ 22.62 per month from prison employment, and has received approximately $ 200.00 from his family in the last six months.

Heydle. He claims she tried to stop him from filing grievances. They engaged in a verbal altercation and Ms. Heydle called Mr. Farias-Rubio's Unit Manager and Captain Perdue. Captain Perdue reprimanded Mr. Farias-Rubio for disrespecting an Officer. Six days later, Mr. Farias-Rubio's cell was searched by Officer Heydle. He contends that she left his documents in disarray.

Mr. Farias-Rubias spoke with Warden Robert Tapia on August 17, 2006 about the prison's denial of free hygiene products. He contends that the warden offered him a free toothbrush but he refused it. He claims that when he returned to his Unit, he was met by several corrections officers and Captain Perdue who stated that they had been looking for him throughout the compound. He was taken to the SHU.

Finally, Mr. Farias-Rubias claims that inmates who utilize the law library at a certain hour are forced to miss dinner. He states that on November 28, 2006, he stayed in the law library after the period ended, not realizing that his dinner schedule would be compromised.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City

---

[3] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, the plaintiffs cannot pursue a Bivens claim against the Bureau of Prisons. Such claims may not be brought against a federal agency. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484-86 (1994); Okoro v. Scibana, No. 02-1439, 2003 WL 1795860 at *1 (6th Cir. April 1, 2003)(stating that a federal prisoner can not bring a Bivens action against the Bureau of Prisons).

Furthermore, the plaintiffs fail to state a claim against Galey Gates and Mr. Edwards. They cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate these defendants to any of the claims set forth by the plaintiffs.

Mr. Farias-Rubias fails to state a claim against Corrections Corporation and Warden Tapia for the additional claims he asserts in this pleading. There is no indication that either of these defendants was personally involved in the activities which form the basis for his causes of action. Id.

To the extent that Mr. Farias-Rubias seeks to hold Corrections Corporation and Warden Tapia responsible for the actions of their employees or subordinates in connection with his additional claims, dismissal is still required. "Supervisory liability ...cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the

supervisors must have actively engaged in unconstitutional behavior.  Id.  Liability therefore must lie upon more than a mere right to control employees.  Id.  CCA and Warden Tapia supervise Officer Heydle, Officer Groh and Captain Perdue.  In order for liability to attach to any of these supervisors, however, Mr. Farias-Rubias must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of the actions.  Id. He must show that the supervisors somehow encouraged or condoned the actions of their inferiors.  Id.; see Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995).  There is no suggestion in the complaint that either CCA or Robert Tapia actively participated in any of the activities which Mr. Farias-Rubias describes in the complaint.

Finally, while the Eighth Amendment claim for failing to provide free personal hygiene products to all inmates can, in theory, be properly asserted against CCA and Mr. Tapia, it lacks merit and fails to state a claim upon which relief can be granted.  Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. Wilson v. Seiter, 501 U.S. 294 (1991); see Hudson v. McMillian, 503 U.S. 1 (1992); Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir.1996). In sum, it affords prisoners protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. Hudson, 503 U.S. at 9-10 (requiring extreme or grave deprivation). The plaintiffs have not alleged that they have been denied personal hygiene products nor do they allege that they lack sufficient funds to purchase these items at the commissary.  As such, they have not alleged a deprivation which triggers Eighth Amendment scrutiny.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

S/Peter C. Economus - 3/7/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.